## T. P. Morey, Appellee, v. Ed Simpson, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Bond county; the Hon. GEORGE
A. CROW, Judge, presiding. Heard in this court at the March term,
1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by T. P. Morey, plaintiff, against Ed Simp-
son, defendant, in the Circuit Court of Bond county,
to recover on a promissory note. From an order that a
judgment for plaintiff for $2,300 and costs entered by
confession should stand, defendant appeals.

It appeared that on December 7, 1912, defendant ex-
ecuted and delivered a note payable to the order of the
Paxton-Eckman Chemical Company for $2,200, due ten
months after date, with interest at the rate of seven per
cent. after maturity. A power of attorney was at-
tached to said note, authorizing any attorney of any
court of record to appear in such court in term time
or vacation, at any time thereafter and confess judg-
ment without process, in favor of the holder of the note
for such amount as might then appear to be unpaid,
together with costs and $100 attorney's fees. The note
was afterwards, and before maturity, indorsed in
blank without recourse by the payee, and on August
25, 1913, a judgment was entered in vacation by con-
fession in the Circuit Court of Bond county in favor
of plaintiff against defendant for the sum of $2,300
and costs. At the September Term, 1913, on motion of
defendant, execution on said judgment was stayed and
defendant granted leave to plead.

Defendant finally went to trial on an amended plea,
alleging in substance that he bought certain stock pow-
der from a corporation under a written contract which
was set out in full, the purchase price of which was

$2,800, and gave the note in question in part payment, the balance being paid by the sale and delivery of a horse. The plea further alleged that after the contract was made and in consideration of the note, the payee agreed to furnish defendant with a salesman to sell some of the stock powder then on defendant's possession, and that this was the sole consideration of the note, which the payee failed to do, whereupon defendant rescinded the agreement and so notified the payee. The plea alleged that the payee agreed to this but failed to return the note, and never delivered any powder under the contract. The plea further alleged total failure of consideration and that H. H. Morey and defendant had notice of defenses, and were not innocent holders for value.

Plaintiff in his replication denied notice of defenses, and averred an indorsement to him before maturity, and that H. H. Morey had no notice of defenses when the note was indorsed to him by payee. The replication further averred that the consideration had not wholly failed, and denied that defendant's order for the stock powder had been rescinded as alleged in the plea.

At the trial below, defendant sought to show that the company, having failed to comply with its contract to furnish a man to assist in selling the powder defendant had on hand, consented to the cancellation of the contract; that by reason of such cancellation nothing was due on the note, and defendant was entitled to the possession of it; that H. H. Morey had notice of this defense when he purchased the note; that plaintiff was the father of H. H. Morey, and that the transfer of the note to him was in the nature of a fraud or subterfuge. The court held at the trial that the burden was upon defendant to establish that notice of some defense was brought home to plaintiff before he purchased the note.

It was admitted that the note was indorsed in blank by the company, and at the trial H. H. Morey testified that he gave his check to the company for the note, and

afterwards sold it to plaintiff's father, on February 27, 1913; that he, at that time, called his father up over the telephone and made the sale in that way. It appeared that the note was in possession of H. H. Morey at the time he made an affidavit as to defendant's signature, when the confession of judgment was taken, but he testified that the note had been sent back to him.

At the close of all the evidence the court on motion of plaintiff directed a verdict for plaintiff, and after such verdict was returned, overruled a motion for a new trial. and made an order that the judgment by confession stand.

SMITH & FRIEDMEYER and JOHN D. BIGGS, for appellant.

C. E. HOILES, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 440*—*what degree of proof required to annul title of transferee of paper before maturity.* Only a strong case will suffice to annul the title of a transferee of commercial paper not yet due, the tendency of the courts of this state being to sustain the negotiability of such paper, and to indulge every presumption in favor of its validity.

2. BILLS AND NOTES, § 240*—*when indorsee or assignee before maturity protected against maker.* The indorsee or assignee of commercial paper taking the same before maturity in good faith for value and without knowledge of defects is protected against the defenses of the maker thereto.

3. BILLS AND NOTES, § 448*—*what proof required to defeat title of holder for value before maturity.* The title of the holder of commercial paper for value and before maturity can only be defeated by evidence that such holder was guilty of bad faith in taking title to such note, and it is not enough to prove the existence of mere suspicion of defects in such title or that such holder at the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time of taking such title knew of facts calculated to excite suspicion in the mind of a prudent man, or even that such holder was guilty of gross negligence at such time.

4. BILLS AND NOTES, § 412*—*when burden on one attacking title of holder to show bad faith.*, Where a promissory note is in the hands of a holder for value before maturity, the burden is on one who attacks the title of such holder to show by a preponderance of the evidence that such holder was guilty of bad faith in taking title to such note.

5. BILLS AND NOTES, § 255*—*what is basis of rule for protecting holder for value before maturity in absence of bad faith.* The rule that the maker of the note can defend against the note in the hands of a holder for value before maturity only by showing that such holder acted in bad faith in taking title to the note is based on the policy of the law giving full faith and credit to commercial paper transferred before maturity, in order that it may circulate with all the conveniences of currency as far as possible.

6. BILLS AND NOTES, § 448*—*what does not constitute evidence of fraud.* In an action to recover on a promissory note where plaintiff is a holder for value and before maturity, and where the defense is grounded on fraud, the fact that plaintiff received the note by indorsement from his son, who in turn received it by indorsement from the payee, does not tend to show fraud, which cannot be inferred from the mere fact of the relationship, such indorser having the same right to transfer the note to his father as to any other indorsee.

7. FRAUD, § 87*—*when not presumed.* Where the defense to an action is fraud, the fraud relied on must be proved, and cannot be presumed.

8. BILLS AND NOTES, § 440*—*what constitutes prima facie case.* In an action to recover on a promissory note, a prima facie case is established by proof of the note showing on its face title in plaintiff.

9. BILLS AND NOTES, § 440*—*when evidence sufficient to overcome prima facie case by proof of note.* In an action to recover on a promissory note, where plaintiff was a holder for value before maturity, and where the defense was grounded in fraud, evidence *held* insufficient to overcome the prima facie case established by proof of the note.

10. BILLS AND NOTES, § 461*—*when verdict properly directed.* In an action to recover on a promissory note, where the evidence in defense is insufficient to overcome the prima facie case established by the proof of the note, it is proper to direct a verdict for plaintiff.

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.